IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 1:25-cr-7  Erie |
| KYTEEM LAMAR PULLIUM | |

FILED
MAR 11 2025
CLERK OF COURT OF WESTERN DISTRICT OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and Paul S. Sellers, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of a firearm and ammunition by a convicted felon<br>On or about February 5, 2025 | 18 U.S.C. § 922(g)(1) |
| 2 | Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and a quantity of a mixture and substance containing a detectable amount of fentanyl<br>On or about February 5, 2025 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) |

## II. ELEMENTS OF THE OFFENSES

A.   **As to Count 1:**

In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. KYTEEM LAMAR PULLIUM knowingly possessed the firearms and ammunition described in Count One of the Indictment.

2. At the time of the charged act, KYTEEM LAMAR PULLIUM had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.

3. At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.

4. KYTEEM LAMAR PULLIUM'S possession was in or affecting interstate or foreign commerce.

B.   **As to Count 2:**

In order for the crime of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and a quantity of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

2. That the defendant did so knowingly and intentionally.

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4), and that fentanyl is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(b)(6).

### III. PENALTIES

**A. As to Count 1: Possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

1. A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 924(a)(8)). However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies) (18 U.S.C. § 3583).

**B. As to Count 2: Possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and a quantity of a mixture and substance containing a detectable amount of fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

### IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. **RESTITUTION**

Not applicable in this case.

### VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

PAUL S. SELLERS
Assistant U.S. Attorney
PA ID No. 316175