

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*     *412/644-3500*

December 4, 2025

Douglas H. Sullivan, Esquire
502 W. 7th Street
Erie, PA 16502

Re:  United States of America v.
     Kyteem Lamar Pullium
     Criminal No. 25-07 Erie

Dear Mr. Sullivan:

This letter sets forth the agreement by which your client, Kyteem Lamar Pullium, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Kyteem Lamar Pullium and the First Assistant United States Attorney for the Western District of Pennsylvania, by delegation. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Kyteem Lamar Pullium will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Kyteem Lamar Pullium, agrees to the following:

        1.    The defendant will enter a plea of guilty to Count Two of the Indictment at Criminal No. 25-07 Erie, charging the defendant with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

2. The defendant acknowledges the defendant's responsibility for the conduct charged in Count One of the Indictment at Criminal No. 25-07 Erie and stipulates that the conduct charged in that Count may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 21 U.S.C. § 853 including but not limited to the following:

    (a) a Smith and Wesson Model 642, 38 cal, S/N: CNE2691;
    (b) a Glock Model 27, 40 cal, S/N: BMVA519;
    (c) a Hi-Point Model CF, 380 cal, S/N: P8053345;
    (d) a privately made 9mm firearm no serial number; and
    (e) $1,836 U.S. currency.

4. The defendant acknowledges that the above-described property is property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the violation of the offense charged at Count Two and/or property used or intended to be used, in any manner or part, to commit, and/or facilitate the commission of, the violation of the offense charged at Count Two.

5. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

6. At the time Kyteem Lamar Pullium enters the defendant's plea of guilty, the defendant will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. Kyteem Lamar Pullium waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Kyteem Lamar Pullium may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Kyteem Lamar Pullium may take a direct appeal from the sentence.

        Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

        Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

8. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, agrees to the following:

1. After the imposition of sentence and pursuant to Rule 11(c)(1)(A), the United States will move to dismiss the remaining count of the Indictment at Criminal No. 25-07 Erie, without prejudice to its reinstatement if, at any time, Kyteem Lamar Pullium is permitted to withdraw the defendant's plea of guilty. In that event, Kyteem Lamar Pullium waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2. The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Kyteem Lamar Pullium in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

Page 4

4. The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Kyteem Lamar Pullium and the First Assistant United States Attorney, by delegation, further understand and agree to the following:

1. The penalty that may be imposed upon Kyteem Lamar Pullium at Count Two is:

   (a) A term of imprisonment of not more than twenty (20) years;

   (b) A fine of not more than $1,000,000;

   (c) A term of supervised release of not less than three (3) years; and

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

2. The parties stipulate that the type and quantity of controlled substances attributable to Kyteem Lamar Pullium in this case for the purposes of § 2D1.1 of the Sentencing Guidelines are 8.84 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 16.49 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, ~~in the form commonly known as crack~~. This stipulation includes all relevant conduct as to drug quantity, under § 1B1.3 of the Guidelines, and represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed. The foregoing stipulation does not preclude either party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulation.

3. This agreement does not preclude the government from pursuing any civil or administrative remedies against Kyteem Lamar Pullium or the defendant's property.

4. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional

Page 5

        charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

        Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

5. The parties agree that, although a charge is to be dismissed pursuant to this agreement, Kyteem Lamar Pullium is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment). Kyteem Lamar Pullium waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

6. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Kyteem Lamar Pullium and the First Assistant United States Attorney for the Western District of Pennsylvania, by delegation, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*
TROY RIVETTI
First Assistant United States Attorney

*[signature]*
PAUL S. SELLERS
Assistant United States Attorney

I have received this letter from my attorney, Douglas H. Sullivan, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

x _Kyteem Pullium_
KYTEEM LAMAR PULLIUM

1/8/26
Date

Witnessed by:

_Douglas H. Sullivan_
DOUGLAS H. SULLIVAN, ESQUIRE
Counsel for Kyteem Lamar Pullium