IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-07 Erie |
| | ) | |
| KYTEEM LAMAR PULLIUM | ) | |

**MEMORANDUM OF THE UNITED
STATES IN AID OF SENTENCING**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Paul S. Sellers, Assistant United States Attorney for said District, and offers the following Memorandum concerning the sentencing of the defendant, Kyteem Lamar Pullium, and states as follows:

## I.    FACTUAL AND PROCEDURAL HISTORY

On February 5, 2025, the ATF executed a federal search warrant on the residence of Kyteem Pullium, the Defendant.  During the search, investigators located a Glock Pistol bearing serial number BMAV519, a Hi Point pistol bearing serial number P8053345, a Smith and Wesson Revolver, bearing serial number CNE2691, and a privately made firearm.  Investigators also located baggies of fentanyl and cocaine, indicia for Kyteem Pullium, $1836 in United States currency, and a digital scale with residue.  Pulli The Defendant um was present in the residence at the time of the search. The Defendant was charged in Count One with possession a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and, at Count Two with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and a quantity of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  The Defendant had his initial appearance on April 23, 2025, was arraigned, plead not guilty.   On January 8, 2026, the Defendant

participated in a change of plea hearing before the Honorable Susan Paradise Baxter and plead guilty under the terms of a plea governed by a plea letter. Sentencing in this matter is scheduled for May 14, 2026.

## II.      ARGUMENT

It is well settled that district courts "must begin the process by correctly calculating the applicable Guidelines range." *Id.* (citing *United States v. Gall*, 128 S.Ct. 586, 596 (2007); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006)). Then, "after giving both sides the chance to argue for the sentences they deem appropriate, the court must exercise its discretion by considering all of the § 3553(a) factors and determining the appropriate sentence to impose." *Wise*, 515 F.3d at 216-17 (citations omitted).

### A.  Applicable Guideline Range

A presentence investigative (PSIR) report has been completed in this case. The PSIR calculates the Defendant's guideline range as 21-27 months. The Government does not dispute this calculation. The Government is not seeking restitution as part of this sentence and is not seeking any non-standard conditions for supervised release. The parties have stipulated to the forfeiture of specific items as described within the plea letter that governs the Defendant's plea in this case.

### B.  Departures and/or Variances

The United States is not seeking a departure or variance.

### C.  The § 3553(a) Factors Support a Guideline Sentence

When sentencing a defendant, the court's reasoning must be guided by all of the sentencing considerations set forth in 18 U.S.C. § 3553(a). *Wise*, 515 F.3d at 216-17; *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). In pertinent part, these factors include:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law,  and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; ...

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines- ...

(5)   any pertinent policy statement - (A) issued by the Sentencing Commission ...

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; …

18 U.S.C. § 3553(a); *Id.*

Notably, these factors do not involve merely a focus upon the defendant's background and the impact of the sentence on the defendant.  Rather, a correct application of these factors to any case involves a balancing of all of the factors, which include the guidelines, the defendant's criminal conduct and the need for the sentence to reflect the seriousness of the offense.  The factors include the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the rule of law, provide just punishment for the offense, and afford adequate deterrence in the future.  This factor is known as the "just desserts" concept, answering the need for retribution so that the punishment fits the crime and the defendant is punished justly.  *See United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010).  The sentence should reflect the gravity of the defendant's conduct in such a way that from the public's standpoint, the sentence is of a type and length that adequately reflects, among other things, the harm done or threatened by the offense, and the public interest in preventing a recurrence of the offense.  *Irey*, 612 F.3d at 1206 (citing S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59). Analysis under all of these factors argues in favor of a guideline sentence in this case.

### D. Post-Sentencing Custody

The Government is not seeking any modification to Defendant's custody status pending his service of any imposed sentence.

## III.    CONCLUSION

The United States respectfully requests, in light of the charges, the conduct to which the Defendant has plead guilty, and for the reasons discussed herein, that this Court impose a sentence within the advisory guidelines.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*s/ Paul S. Sellers*
PAUL S. SELLERS
Assistant U.S. Attorney
PA ID No. 316175